**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

RODRIC COHNS                                                                                    PLAINTIFF

V.                                            NO:  5:12CV00324 BSM/HDY

MARIE AUSTIN *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

        The following recommended disposition has been sent to Chief United States District Judge

Brian S. Miller.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.   If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.   An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

        If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

        1.        Why the record made before the Magistrate Judge is inadequate.

        2.        Why the evidence proffered at the hearing before the District
                  Judge  (if such a  hearing is granted)  was not  offered at  the
                  hearing before the Magistrate Judge.

        3.        The detail of any testimony desired to be introduced at the

1

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Rodric Cohns, a former Arkansas Department of Correction inmate, filed a *pro se* complaint on August 21, 2012. Now pending are motions to dismiss, along with briefs in support, filed by Defendants Gaylon Lay, Lewis Rafter, and Aundrea Weekley (docket entries #14 & #15), and Marie Austin (docket entries #20 & #21). Austin is a health service administrator at Plaintiff's former prison unit. Lay is the unit warden, Weekley is the assistant warden, and Rafter is a correctional officer at that unit. Although Plaintiff has been ordered to respond, and has been granted additional time to do so, he has not filed a response to either motion.

### I. Standard of review

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

According to Plaintiff's complaint, he began seeking dental care for extensive tooth decay in May of 2012. Plaintiff asserts that Austin was notified of the problem through grievances, and acknowledged the problem, but refused to ensure that he received care. Plaintiff claims that Rafter refused to accept an emergency grievance or notify medical staff of his complaints on June 11, 2012, that Weekley excused Rafter's conduct, and that Lay allowed his staff to be deliberately indifferent to his needs.

<u>Defendant Austin</u>

Austin asserts that Plaintiff's claims against her should be dismissed because he conceded in the complaint that he has received treatment, and Austin's limited involvement in responding to grievances is insufficient to impose liability upon her. As noted by Austin, Plaintiff's complaint indicates that he was treated by Dr. Estalla Murray. The United States Court of Appeals for the Eighth Circuit has held that a prison official's denial of grievances is insufficient to impose liability

under § 1983.  *See Rowe v. Norris*, 198 Fed.Appx. 579, *1 (8th Cir.2006)(unpublished)(per curiam)(administrator's limited involvement of responding to grievances was insufficient to impose liability); *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002)(denial of grievances did not state substantive constitutional claim).  In light of the fact that Plaintiff was treated by a physician, and the fact that simple involvement in the grievance process does not impose liability, Plaintiff has failed to state a claim for relief against Austin.  Accordingly, Austin's motion should be granted.

Defendants Lay, Rafter, and Weekley

Plaintiff's claims against Lay, Rafter, and Weekley, center on Rafter's handling of the grievance Plaintiff submitted to Rafter.  Lay, Rafter, and Weekley, assert that Plaintiff's claims against them should be dismissed because, although Plaintiff alleged that Rafter refused to accept a grievance, a sick call request is the action an inmate should take when he needs medical care.  Lay, Rafter, and Weekley, also note that Plaintiff's complaint indicates that he did receive medical care, and because there is no allegation that Rafter is a medical professional, the complaint fails to state a claim for relief against Rafter.  It is apparent that Rafter's refusal to accept Plaintiff's grievance had no impact on Plaintiff's ability to submit a sick call request, and the mere failure to process a grievance is not a constitutional violation.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983).  Thus, Plaintiff has failed to state claim for relief against Rafter.

Plaintiff's claims against Lay and Weekley are based on the supervisory positions they hold, and Weekley's response to a grievance.  As discussed above, simply responding to a grievance is not sufficient to impose § 1983 liability.  Additionally, Lay and Weekley cannot be held liable

because of the supervisory positions that they hold.  *See Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)(no *respondeat superior* liability for § 1983 violations).  There is no allegation that Lay, Rafter, or Weekley, are medical professionals who should have intervened in the treatment Plaintiff did receive.  Accordingly, Plaintiff's claims against Lay, Rafter, and Weekley, should be dismissed.

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motions to dismiss (docket entries #14 & #20) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   14   day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

5